UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. JONES and FAAVAOA JONES,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br><br>THOMAS J. POPE,<br><br>　　　　　Defendant. | Case No. 1:22-cv-01232-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>(Doc. 1)<br><br>**21-DAY DEADLINE**<br><br>Clerk to Assign District Judge |

## I.　　INTRODUCTION

### A.　Background

On September 27, 2022, Plaintiffs David D. Jones and Faavaoa Jones ("Plaintiffs"), proceeding *pro se*, filed an action. (Doc. 1 ("Compl.").) On that same date, Plaintiffs also filed applications to proceed *in forma pauperis*, which were granted on October 3, 2022. (Docs. 2, 3 & 4.) Plaintiffs' complaint is now before the Court for screening. The undersigned finds that Plaintiffs have not stated a cognizable claim and will recommend that this action be dismissed, without leave to amend, for failure to state a claim upon which relief may be granted and lack of jurisdiction.

### B.　Screening Requirement and Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines the allegation of poverty is

untrue, or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**C.    Summary of the Complaint**

Plaintiffs are the parents of Jessie J. Jones ("Mr. Jones"), who was arrested by the Bakersfield Police Department and charged with a single count of indecent exposure.  (*See* Compl. at 1)  According to Plaintiffs, Defendant Thomas J. Pope was assigned by the Kern County Public Defender's Office as the attorney for Plaintiffs' son.  (*Id.*)  Plaintiffs allege that, during the prosecution, Defendant informed his client Mr. Jones that there was a "new charge of sexual battery against him" and that Defendant "reviewed a security video and was to see [Mr. Jones] touching the buttocks of the female victim."  (*Id.*)  Defendant "convinced [Mr. Jones] that he had no other alternative but the [sic] plead no contest in order to receive a lesser sentence in prison."  (*Id.*)

Plaintiffs allege that, after the sentencing, they met with Defendant, who "swore this video evidence existed," but that after "further investigation" and speaking with Mr. Jones in jail, "they discovered that there was no video evidence of their son's supposed crime."  (Compl. at 2.)  They assert a single cause of action for "[c]orruption by way of violation of the Business and Professions Code 6128, where the Defendant lied and engaged in deceit of information related to the status of the Plaintiffs son's criminal case."  (*Id.*)

### D. Pleading Requirements Under Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

## II. DISCUSSION

### A. Plaintiffs Have Not Pleaded Any Cognizable Federal Claim

Federal courts have no power to consider claims for which they lack subject-matter jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Vacek v.*

*United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  Subject matter jurisdiction is determined and must exist at the time the complaint is filed.  *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,* 858 F.2d 1376, 1380 (9th Cir. 1988) (looking to original complaint, and not amended complaint, for subject matter jurisdiction).

This Court has an independent duty to consider its own subject-matter jurisdiction, whether or not the issue is raised by the parties, (*id.*,) and must dismiss an action over which it lacks jurisdiction.  Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction.").  The burden is on the federal plaintiff to allege facts establishing that jurisdiction exists to hear their claims.

Plaintiffs allege a claim for "corruption" under California Business and Professions Code § 6128.  That section provides, in pertinent part: "Every attorney is guilty of a misdemeanor who . . . (a) Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party." Cal. Bus. & Prof. Code § 6128(a).  A violation of § 6128(a) "is punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both." *Id*. § 6128(c).[1]

A private right of action under a criminal statute has rarely been implied.  *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979).  Where a private right of action has been implied, "'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone'" *Id*. (quoting *Cort v. Ash*, 422 U.S. 66, 79 (1975)).  The Court has reviewed the statute and there is no indication that civil enforcement of any kind is available to Liao.  *Cort*, 422 U.S. at 79–80; *Keaukaha–Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n*, 739 F.2d 1467, 1469–70 (9th Cir.1984). In short, neither the statute, nor any authority of which this Court is aware, authorizes Plaintiffs to bring a civil cause of action based on an alleged violation of § 6128.  *See Liao v. Ashcroft*, No. C 08-2776 PJH, 2009 WL 1371691, at *4 (N.D. Cal. May 15, 2009) (dismissing § 6128 claim).

---

[1] An attorney's conduct in violation of § 6128 is a crime for which a criminal prosecution may be brought.  *See Action Apartment Ass'n, Inc. v. City of Santa Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal.4th 1232, 1246, 63 Cal.Rptr.3d 398, 163 P.3d 89 (2007); *Kashian v. Harriman*, 98 Cal.App.4th 892, 919–20, 120 Cal.Rptr.2d 576 (2002).

Because Plaintiffs have not articulated any cognizable federal claim over which this Court may assert jurisdiction, dismissal is recommended.[2]

### B. The Court Lacks Diversity Jurisdiction over Plaintiffs' State Law Claim

Subject matter jurisdiction to hear a federal plaintiff's claim must either arise under the Constitution or be established by diversity jurisdiction.  28 U.S.C. §§ 1331 and 1332.  Here, even if there were such a private right of action under California Business and Professions Code § 6128, this claim is a violation of state—not federal—law, so this Court must determine whether there is complete diversity between the parties to invoke jurisdiction to hear Plaintiffs' claims.

Under 28 U.S.C. § 1332, federal district courts maintain original jurisdiction over all civil actions where the matter in controversy is between "citizens of a State and citizens or subjects of a foreign state" *and* exceeds $75,000.  "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 59 U.S. 77 (2010).  Here, Plaintiffs allege that they are citizens of Los Angeles, California, and that Defendant is an attorney with the Kern County Public Defender's Office, located in California.  (*See* Doc. 1-1.)

Since Plaintiffs and Defendant are all citizens of California, complete diversity is lacking, and Plaintiffs cannot proceed in federal court based on diversity jurisdiction. *Garcia-Cardenas v. Immigration Legal Servs., APC*, No. 1:13-CV-01065-AWI, 2013 WL 4542223, at *2 (E.D. Cal. Aug. 27, 2013) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (no plaintiff can be a citizen of the same state as any of the defendants)).  Because there is no subject matter jurisdiction over these this claim, this Court must recommend dismissal.

### C. Leave to Amend Would Be Futile

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the

---

[2] Even if the Court were to construe Plaintiffs' § 6128 claim as a violation of **Mr. Jones'** Sixth Amendment right to effective assistance of counsel under 42 U.S.C. § 1983, Plaintiffs are not licensed attorneys, and therefore cannot bring a lawsuit on behalf of another individual, including their son.  *See Palik v. Guam Behav. Health & Wellness Ctr*., No. CV 21-00026, 2022 WL 1138190, at *3 (D. Guam Apr. 18, 2022); *Fulkerson v. Thrive Mkt., Inc*., No. 3:20-CV-00241-MMD-CLB, 2020 WL 3717095, at *2 (D. Nev. June 16, 2020) ("As a general rule, *pro se* parties may not pursue claims on behalf of others in a representative capacity.").

allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).  If, however, it is clear after careful consideration that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013); *accord Lopez*, 203 F.3d at 1129 ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

The complaint has not set forth any cognizable federal claim, and there is no diversity jurisdiction over Plaintiffs' state law claim due to a lack of complete diversity of citizenship. Because Plaintiffs have failed to plead facts invoking the Court's jurisdiction, the complaint should be dismissed.  *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.").  Moreover, amendment would be futile because there is no set of facts Plaintiffs could allege in an amended complaint to establish the Court's jurisdiction over their claim.  Thus, the undersigned recommends denying leave to amend because amendment would be futile.

### III.  CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed without prejudice and without leave to amend.  The Clerk of Court is DIRECTED to assign a District Judge to this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B).  **Within twenty-one (21) days after being served with these Findings and Recommendations**, Plaintiffs may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 24, 2022**            /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE